02-11-044-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00044-CV

 

 


 
 
 Charles H. Myers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Samuel Myers
 
 
  
 
 
 APPELLEE
 
 


 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Charles H. Myers appeals the trial court’s judgment that gave appellee Samuel
Myers possession of a Fort Worth residence.[2]  We strike appellant’s
briefs and dismiss the appeal.

          Appellant
filed a document on August 26, 2011 that we construed as his brief.  The same
day, we sent him a letter informing him that, for numerous reasons, the brief
did not comply with rule of appellate procedure 38.1.  See Tex. R. App.
P. 38.1.  We directed appellant to file an amended brief that complied with
rule 38.1 by September 6, 2011.  Appellant filed an amended brief, but it does
not comply with rule 38.1.[3]  Therefore, on September
9, 2011, we sent appellant a letter informing him that his amended brief was
deficient and explaining that if he did not file a second amended brief by
September 19, 2011 that complied with rule 38.1, we could strike his briefs and
dismiss the appeal.  Appellant has not filed a compliant brief or otherwise responded
to our September 9, 2011 letter.  Accordingly, we strike appellant’s briefs and
dismiss the appeal for want of prosecution.  See Tex. R. App. P.
38.8(a)(1), 38.9(a), 42.3(b), (c); Johnson v. Dallas Hous. Auth., 179
S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Prop. Code
Ann. § 24.007 (West 2000) (explaining that a final judgment of a county court
in an eviction suit may be appealed on the issue of possession if the premises
are being used for residential purposes only).  A justice of the peace
rendered judgment for appellee; appellant appealed the judgment to a county
court at law, and the county court at law also rendered judgment for appellee.





[3]For example, appellant’s
argument in his amended brief, in two sentences, references only a book in the
Bible and provisions of the United States Constitution without explaining how
the facts of his case apply to those sources.